GEORGE M. COLVOCORESSES,

*vs.*

W. S. WASSERMAN CO., a corporation of the State of Delaware.

*New Castle, June 9, 1938.*

*Dudley C. Lunt,* for complainant.

*Aaron Finger,* of the firm of Richards, Layton & Finger, for defendant.

THE CHANCELLOR: The contract sought to be reformed contemplates the exploitation of tailings and dumps on a property known as the Congress mine in Arizona, which neither of the parties owned but which was the subject of possible subsequent acquisition from the owner — by whom it is not necessary to explain.

The complainant was to receive a certain interest in the defendant's rights and certain money compensation. But this was to be according to the terms of the written contract, only "in the event second party (the defendant) acquires the tailings and dumps covered by said Congress Contract." The bill alleges that the quoted language should read as follows—"in the event second party acquires *the rights and privileges under the Reid Agreement with respect to* the tailings and dumps covered by said Congress Contract." The italicized words are what the complainant seeks by way of reformation to have inserted in the contract.

The relief sought is based upon an alleged mistake common to both parties. In such cases the mistake must be mutual and must be shown by evidence that is clear, convincing and free from doubt. *McDaniel, et al., v. Franklin Ry. Supply Co.,* 20 *Del. Ch.* 327, 174 *A.* 375. At the demurrer stage of a case, as here, we are not of course concerned with the degree of proof necessary to be made in order to justify a court in tampering with language to which parties have subscribed in solemn and deliberate form.

But, though the case here is only at the demurrer stage, it is not amiss to refer to the severity of the exaction required of the evidence to sustain a decree for reformation, in order to emphasize the point that in a bill there should

be at least a clear and positive showing of all the essential facts necessary to make out a case.

There are only two paragraphs in this bill which in any way undertake to refer to what the parties meant to embody in their contract. In one of them (paragraph 13) the complainant states what the "purpose" of the contract was. Whose purpose, the complainant's alone, or the defendant's alone, or both? Furthermore, it is not clear, to me at least, that the "purpose" as described is such as to indicate that the language sought to be inserted into the contract is necessary to the fulfillment of the recited purpose.

In the other (paragraph 15), the language is this— "The mistake common to both parties was that the phrase 'acquires the tailings and dumps' referred to the rights and privileges with respect thereto created by the Reid Agreement."

There can be no case of reformation based on mutual mistake unless there had been an agreement between the parties prior to the written one in respect of the matter which is sought to be inserted in or stricken from the executed instrument. *Pomeroy, Equity Jurisprudence,* (2d *Ed.*) § 2096. Each party may have thought the language adopted meant so and so. That is not enough. They must have come to an agreement that their final contract would provide so and so. Nowhere in this bill is it alleged that the parties agreed that their written contract would contain the term now sought to be inserted in it.

The complainant seeks to sustain his bill on the theory that the case is one where he believed that the language of the contract meant what he seeks now to interpolate into it, that the defendant knew the complainant so believed, and, knowing that, led the complainant into an acceptance of the language as written. Authorities are cited to sustain the proposition that in such a case a court of

equity will afford the relief of reformation. I have not examined these authorities for the reason that the bill does not present a case of that kind. The case presented by the bill is the plain and simple one of mutuality of mistake unmixed with any charge of fraud, over-reaching or trickery.

The discussion on the briefs has taken a wide range. It has stirred thoughts in my mind which I abstain from expressing in passing upon this demurrer but which at a later stage of the case, if it goes on, may be pertinently elaborated upon.

The demurrer will be sustained.